We'll now move to the last case on the calendar, which is Sealy v. State University of New York. The appellant's proceeding on submission, but appellee nonetheless wished to have oral arguments. Mr. Lawrence, are you here? Yes, I am, Your Honor. Okay, so you've got five minutes, so the floor is yours. Good morning, I'm David Lawrence III, an Assistant Solicitor General, appearing on behalf of the appellees. The district court correctly dismissed the amended complaint. For instance, the plaintiff makes no argument that he states a valid claim under 42 U.S.C. Section 1981, and his claim under Section 1983 is barred by the 11th Amendment, nor does plaintiff state a claim under Title VII for race discrimination, retaliation, or a hostile work environment. As to his race discrimination claim, he abandoned it below by failing to make any argument in opposition to the defendant's motion to dismiss that claim. The race discrimination claim fails in any event because plaintiff alleges no adverse employment action. Instead, he alleges everyday workplace grievances and setbacks, such as being transferred from one area of the campus to another, or having to share a truck with another employee. Plaintiff also complains that he was asked to sign a blank annual performance evaluation form, but he concedes that all of his performance evaluations were good. He also alleges that he was unfairly criticized or counseled, but he does not allege that this led to formal discipline. Plaintiff also complains that he did not receive as many overtime assignments as he would have preferred, but he points to only two specific instances in which he was denied overtime assignments, and he concedes that on at least 12 other occasions, he did receive such assignments. Nor does plaintiff support his race discrimination claim with any plausible allegation of discriminatory animus. He pleads that two white employees received more favorable treatment than him, but this was after two minor matters, that is, his work location and truck assignment, and he pleads no thoughts showing that those white employees were similarly situated to I think the evidence that he points to, though, is evidence showing that both before and after he filed the DHR complaint, that supervisors who made some of the decisions that he's complaining about made comments or took actions expressing racial animus. I'm thinking of the comments attributed to Mr. Sabia and the conduct attributed to Mr. Castro with respect to the poster. Now, looking at this as we must in the light most favorable to the plaintiff, why doesn't that cast some of the conduct he's complaining about in a different light? Your Honor, I'll preface my answer by saying that the comments, if they had been made, obviously would be quite offensive, and we deny that they were in fact made. But we have to assume that they were at this point in the litigation, right? Yes, Your Honor. Those allegations do not aid the plaintiff for several reasons. One is the fact that he does not establish any adverse employment actions, so his claims fail as a matter of law for that reason. Furthermore, the alleged remarks were made well before any alleged discriminatory acts. One was made before January 2015, which is when Mr. Sabia became the supervisor. Another was allegedly made in January 2015. The first time that the plaintiff alleges that he was... I know, the Sabia comments are pre-2015, the Castro is May 2016. But now I'm looking at this from the perspective of the hostile work environment claim, which would not require a specific cost, a specific adverse action. It would require an assessment of the work climate as a whole. Well, I respectfully disagree, Your Honor, that retaliation claim would require, would still require... No, I understand the retaliation... Of the work environment. Of the work environment. Yes, Your Honor, the hostile work environment claim, it's extremely high standard requires severe or pervasive conduct. And that standard is not met here where you have straight discriminatory remarks, you have minor workplace grievances about not getting a truck that you would prefer, about getting tools late. Right. So your argument is it's not severe enough. Absolutely, Your Honor. That's basically the problem. I may just go back briefly to the retaliation claim. Not only is there no adverse employment action, but there's no temporal proximity. The alleged retaliation took place five to 10 months, at least, after the First Amendment activity. And this court has indicated that a three-month gap is too long to establish a temporal proximity or retaliation claim. Finally, the district court properly did not lead to a man where plaintiff already had one opportunity to amend his complaint. And his minor proposed factual amendments do not show that he could state a claim. His opposition to the motion to dismiss indicated that he would seek to sue Mr. Sabia under Section 1981 and Section 1983. Those claims would fail for the same reason as the other claims, principally no adverse employment action. And he also said he would sue over not getting help opening up a wall so he could perform a plumbing assignment during that assignment. He was injured, but that was an unforeseeable accident. That would not get any sort of claim for any of the calls of action that the plaintiff alleges here. Mr. Lawrence, I was under the impression that Mr. Sealy wasn't challenging the denial of the motion to amend or denial of leave to amend on appeal. Correct, Your Honor. He does not raise any argument that he should have been going to address that issue. Okay, unless there's other questions from the panelists. Thank you, Mr. Lawrence. Thank you.